UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MELVIN JERIAL JORDAN, | ) | Case No. C05-1471-MJP-JPD |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Melvin Jerial Jordan is an inmate at the Federal Correctional Institution in Lompoc, California who has filed a "request for relief" pursuant to 18 U.S.C. §§ 3742(a)(1) and (a)(2) that seeks to correct an alleged misapplication of the United States Sentencing Guidelines in connection with his 2002 federal sentence. Respondent has filed a response opposing the request. Following a careful review of the parties' pleadings, supporting documents, and the record, the Court recommends that petitioner's request be denied.

FACTS

On May 20, 2002, petitioner entered into a plea agreement in which he pleaded guilty to conspiracy to distribute marijuana and conspiracy to engage in money laundering. Case No. CR02-51, Dkt. Nos. 48, 61. On May 15, 2003, petitioner was sentenced to 110 months in prison, followed by five years of supervised release. Dkt. Nos. 106-07. Petitioner did not appeal his sentence.

REPORT AND RECOMMENDATION
PAGE -1

On August 17, 2005, petitioner filed a "request for relief pursuant to 18 U.S.C. § 3742(a)(1) (2)." Case No. C05-1471, Dkt. No. 1. Relying upon *United States v. Buter*, 229 F.3d 1077 (11th Cir. 2000), he appears to argue that the Court misapplied the United States Sentencing Guidelines by effectively double-counting prior sentences that ran concurrently. Dkt. No. 1. Petitioner argues that, had the Court not separately counted those sentences, his current sentence would be shorter. *Id*.

Petitioner, however, is not entitled to relief under 18 U.S.C. §§ 3742(a)(1) and (a)(2). Under those provisions "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law; [or] . . . was imposed as a result of an incorrect application of the sentencing guidelines . . . ." 18 U.S.C. §§ 3742(a)(1) and (a)(2). By its terms, this provision does not grant the district court jurisdiction to review petitioner's final sentence. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). Rather, 28 U.S.C. § 2255 is generally considered to be the exclusive method by which prisoners may challenge the legality of a federal sentence in district court. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (noting that 28 U.S.C. § 2241 is proper in certain circumstances) (internal citations omitted). Thus, the Court lacks the jurisdiction under 18 U.S.C. §§ 3742(a)(1) and (a)(2) to consider petitioner's request.

Although the Court may recharacterize petitioner's request as a § 2255 motion, such a recharacterization is inappropriate because the motion would be barred by the statute of limitations. A one-year statute of limitations applies to motions brought pursuant to 28 U.S.C § 2255. That deadline runs from the latest of "the date on which the judgment of conviction becomes final; [or] . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255 ¶ 6.

In this case, petitioner's judgment and sentence were issued on May 15, 2003, and he filed no direct appeal. Case No. CR02-51, Dkt. Nos. 106-107. His conviction therefore became final ten days later, on or about May 29, 2003. Fed. R. App. P. 4; *United States v.*

REPORT AND RECOMMENDATION
PAGE -2

01 | *Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (indicating that convictions become final ten
02 | days after issuance of judgment and sentence for petitioners who file no direct appeal).
03 | Petitioner's deadline for filing a § 2255 motion therefore expired on or about May 29, 2004.
04 | The Court, however, did not receive petitioner's request until August 17, 2005, more than a
05 | year after the deadline had passed. Additionally, the Eleventh Circuit case upon which
06 | petitioner relies, *United States v. Buter*, is not a Supreme Court case and is therefore not
07 | appropriate for calculating the statute of limitations provision of ¶ 6(3). *See Dodd v. United*
08 | *States*, 125 S. Ct. 2478, 2481-82 (2005) (noting that calculation of deadlines under ¶ 6(3)
09 | requires reference to decisions of the Supreme Court). Thus, even if the Court were to
10 | recharacterize petitioner's request as a § 2255 motion, it would be denied as untimely.

11 | <u>CONCLUSION</u>

12 | For the reasons set forth above, petitioner's request for relief should be denied. A
13 | proposed order accompanies this Report and Recommendation.

14 | DATED this 24th day of February, 2006.

15 | *James P. Donohue*
16 | JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3